# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIA BROWN, | Case No. 1:17-cv-00950-SAB |
| Plaintiff, | ORDER DENYING STIPULATION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AS UNNECESSARY |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY. | (ECF No. 9) |
| Defendant. | |

On July 14, 2017, Plaintiff filed the present action seeking review of the Commissioner's denial of an application for benefits. On July 17, 2017, the Court issued a scheduling order. (ECF No. 3-1). The scheduling order states that within 35 days of the date of service of Plaintiff's confidential letter brief, Defendant shall serve a confidential letter brief on Plaintiff. (ECF No. 3-1 at 2.) The scheduling order also states that within 30 days of the date of service of Defendant's confidential letter brief, Plaintiff shall file an opening brief. (ECF No. 3-1 at 3.)

Plaintiff served her confidential letter brief on Defendant on December 21, 2017. (ECF No. 8.) There is no indication that Defendant has served her confidential letter brief on Plaintiff.

On January 4, 2018, Plaintiff filed a stipulation to extend the time to file her opening brief from January 5, 2018, to February 2, 2018. (ECF No. 9.) However, Plaintiff's opening brief is not due on January 5, 2018. The deadline for Defendant to serve her confidential letter brief is January 25, 2018. Plaintiff's opening brief will not be due until 30 days after Defendant

serves her confidential letter brief. Therefore, the stipulation to extend the time for Plaintiff to file an opening brief (ECF No. 9) shall be denied as unnecessary.

The parties are advised that due to the impact of social security cases on the Court's docket and the Court's desire to have cases decided in an expedient manner, requests for modification of the briefing scheduling will not routinely be granted and will only be granted upon a showing of good cause. Further, requests to modify the briefing schedule that are made on the eve of a deadline will be looked upon with disfavor and may be denied absent good cause for the delay in seeking an extension. If done after a deadline, the party seeking an extension must show additional good cause why the matter was filed late with the request for nunc pro tunc.

Accordingly, IT IS HEREBY ORDERED that the stipulation to extend the time for Plaintiff to file an opening brief (ECF No. 9) is denied as unnecessary.

IT IS SO ORDERED.

Dated: __**January 5, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE